## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW FIRSTMAN, MARK HORNCASTLE and CHRISTIAN CRAM, | ) ) ) | |
| Petitioners, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) | |
| CREDIT SUISSE SECURITIES (USA), LLC, | ) ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioners Andrew Firstman, Mark Horncastle and Christian Cram, by their undersigned counsel, and pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, petition this Court for an order and judgment confirming the arbitration award entered against Respondent Credit Suisse Securities (USA), LLC, in FINRA Case No. 17-01632 (the "Arbitration") on September 6, 2019.

## The Parties

1.     Petitioner Andrew Firstman ("Firstman") resides at 845 Cooper Sandy Cove, Milton, Georgia 30004 and is deemed to be a citizen of the state of Georgia for purposes of federal jurisdiction diversity analysis.

2.     Petitioner Christian Cram ("Cram") resides at 3205 Mae Avenue, Atlanta, Georgia 30319 and is deemed to be a citizen of the state of Georgia for purposes of federal jurisdiction diversity analysis.

3.     Petitioner Mark Horncastle ("Horncastle") resides at 4621 NE 25th Avenue, Fort Lauderdale, Florida 33308 and is deemed to be a citizen of the state of Florida for purposes of federal jurisdiction diversity analysis.

4.     Respondent Credit Suisse Securities (USA), LLC ("Credit Suisse") is a Delaware limited liability company with its principal place of business at 11 Madison Avenue, New York, NY 10010. Credit Suisse's sole member is Credit Suisse (USA), Inc., which is a Delaware corporation with its principal place of business at 11 Madison Avenue, New York, NY 10010.  Respondent Credit Suisse is deemed to be a citizen of the state of Delaware for purposes of federal jurisdiction diversity analysis.

## **Jurisdiction and Venue**

5.     This Court has diversity jurisdiction under 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as demonstrated in the Arbitration Award (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit A.

6.    This Court has personal jurisdiction over Respondent because Respondent conducted substantial business in the State of Georgia and because its arbitration Submission Agreement states that with respect to "a judgment and any interest due thereon," Respondent agrees to "voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." *See* Exhibit B, attaching true and correct copies of the parties' Submission Agreements.

7.    This judicial district is a proper venue under 28 U.S.C. § 1391 and L.R. 3.1(B)(2) and (B)(3) because Petitioners Firstman and Cram reside within the Atlanta division, the parties agreed to "voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment," and because a substantial part of the events giving rise to this Petition occurred in this judicial district.  In particular, the arbitration proceeding at issue was conducted in the Northern District of Georgia.

## Factual Allegations

8.    Petitioners are former employees of Respondent, were registered with FINRA as brokers at Credit Suisse, and were employed in Credit Suisse's Atlanta, Georgia branch office.

3

9.     On October 20, 2015, Credit Suisse announced that it would close its U.S. private banking operation on some unspecified date, but purportedly no later than the first quarter of 2016.  Rather than sell the business outright, Credit Suisse engineered a structure whereby it entered into an "exclusive recruiting" agreement with Wells Fargo that would supposedly enable Credit Suisse's investment advisors to "transition to Wells Fargo's brokerage business."

10.    After visiting Wells Fargo and conducting due diligence, Petitioners determined that Wells Fargo was unacceptable to them and to their clients.  They commenced employment with another firm, J.P. Morgan Securities LLC ("JPM"), on November 20, 2015.

11.    Credit Suisse failed and refused to pay Petitioners compensation earned by them during their employment, including deferred compensation and revenue trailers relating to certain alternative investments.

12.    On or about June 20, 2017, Petitioners filed a Statement of Claim at FINRA seeking damages of over $1.5 million.  On or about August 31, 2017, Respondent filed an Answer and Counterclaims.  On or about September 20, 2017, Petitioners filed an Answer to Counterclaims.

13.    Both Petitioners and Respondent executed Submission Agreements, in which they agreed to "submit the present matter in controversy, as set forth in the

attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." *See* Exhibit B.

14.     The Submission Agreements contained in Exhibit B constitute the parties' agreement to arbitrate.

15.     The parties in the Arbitration engaged in substantial discovery, including production of over 27,000 pages of documents by Petitioners and over 27,000 pages by Respondent.  The parties also filed prehearing briefs with the Arbitration panel setting forth their legal arguments and authorities.

16.     The Arbitration hearings were held over 16 days between October 29, 2018 and July 19, 2019, in Atlanta, Georgia.  The parties introduced over 490 exhibits during the hearings.  Closing arguments before the Arbitration panel took place on July 19, 2019 and were conducted over approximately six hours.

17.     After considering the pleadings, prehearing briefs, testimony, evidence and closing arguments of the parties, the Arbitrators issued the Award on September 6, 2019. A true and correct copy of the Award is attached as Exhibit A.

18.     The parties' agreed in their Submission Agreements that "judgment and any interest due thereon, may be entered" on the Award and that the parties

"voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." *See* Exhibit B at ¶¶ 4.

19.     Under the FAA, a party has one year to apply for confirmation of an arbitration award. 9 U.S.C. § 9.  Given that the award was issued on September 6, 2019, the petition is timely.

20.     No previous application has been made for the relief sought herein.

## Petition to Confirm Award

21.     Petitioners repeat and reallege all previous paragraphs as if fully set forth herein.

22.     The Award should now be confirmed pursuant to Section 9 of the FAA, which states that a court must confirm an award unless there is a clear statutory ground for vacating or modifying the award under Section 10 or 11 of the FAA. No such statutory ground exists in this case.

23.     The arbitrators in the case acted within their authority in reaching their decision and made the Award based on the evidence. Therefore, the Court must confirm the Award and issue a judgment under the FAA's limited and deferential standard.

## Prayer for Relief

**WHEREFORE**, Petitioners respectfully request that this Court:

1.      Issue an Order pursuant to 9 U.S.C. § 9 confirming the arbitration Award attached hereto as Exhibit A.

2.      Enter judgment in the amount specified in the Award, including:

a)      Compensatory damages in the amount of $1,010,000.00 for Petitioner Firstman;  $660,000.00 for Petitioner Horncastle; and $85,000.00 for Petitioner Cram;

b)      Interest on the above compensatory damages at the rate of 7%, pursuant to Ga. Code Ann. §§ 7-4-2 and 13-6-13, starting on October 20, 2015 until the date of the Award;

b)      Interest on the above compensatory damages at the rate of 7% per annum from the date of the Award forward;

c)      Costs in the amount of $97,596.47;

d)      Petitioners' attorneys' fees in the amount of $719,000, pursuant to Ga. Code Ann. § 13-6-11;

e)      Reimbursement of the non-refundable portion of the claim filing fee previously paid by Petitioners to FINRA Dispute Resolution, which is $375.00; and

3.      Such other and further relief as the Court may deem just, fair, and equitable.

Respectfully submitted this 6th day of September, 2019.

*/s/ Thomas J. Gallo*
Thomas J. Gallo
Georgia Bar No. 283048
Adam Gajadharsingh
Georgia Bar No. 266978
Barnes & Thornburg LLP
3475 Piedmont Road, NE, Suite 1700
Atlanta, GA 30305
Telephone: (404) 846-1693
Facsimile: (404) 264-4033
thomas.gallo@btlaw.com
adam.gajadharsingh@btlaw.com

*Attorneys for Petitioners*

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared with Times New Roman, 14-point font, one of the fonts required by this Court in Local Rule 5.1C.

*/s/ Thomas J. Gallo*
Thomas J. Gallo
Georgia Bar No. 283048

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of September, 2019, a true copy of

Petitioner's **Petition to Confirm Arbitration Award** has been served upon all

parties via U.S. First-Class Mail and e-mail as follows:

> Janene Marasciullo, Esq.
> jmarasciullo@ebglaw.com
> Epstein Becker & Green, P.C.
> 250 Park Avenue
> New York, New York 10177
> *Counsel for Credit Suisse Securities (USA) LLC*

> */s/ Thomas J. Gallo*
> Thomas J. Gallo
> Georgia Bar No. 283048