# EXHIBIT A

**Award**
**FINRA Office of Dispute Resolution**

In the Matter of the Arbitration Between:

<u>Claimants</u>                                        <u>Case Number</u>: 17-01632
Christian N. Cram
Andrew E. Firstman
Mark G. Horncastle

      vs.

<u>Respondent</u>                                      <u>Hearing Site</u>: Atlanta, Georgia
Credit Suisse Securities (USA) LLC

Nature of the Dispute: Associated Persons vs. Member

This case was decided by a majority-public panel.

## REPRESENTATION OF PARTIES

For Claimants Christian N. Cram ("Cram"), Andrew E. Firstman ("Firstman") and Mark G. Horncastle ("Horncastle"): Jessica A. Murzyn, Esq., Rich, Intelisano & Katz LLP, New York, New York.

For Respondent Credit Suisse Securities (USA) LLC: Janene Marasciullo, Esq., Epstein Becker & Green, P.C., New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: June 20, 2017.
Firstman signed the Submission Agreement: June 15, 2017.
Horncastle signed the Submission Agreement: June 15, 2017.
Cram signed the Submission Agreement: June 18, 2017.

Statement of Answer and Counterclaim filed by Respondent on or about: August 31, 2017.
Credit Suisse Securities (USA) LLC signed the Submission Agreement: August 31, 2017.

Claimants' Answer to Counterclaim filed on or about: September 20, 2017.

## CASE SUMMARY

Claimants asserted the following causes of action: constructive discharge; fraudulent inducement; fraudulent intentional and/or negligent misrepresentation; breach of contract; breach of the covenant of good faith & fair dealing; unjust enrichment; conversion; promissory estoppel; retaliation; breach of securities industry rules, regulations and standard of conduct (including, but not limited to, its unlawful conduct in

violation of FINRA Rule 2010); violations of various state labor laws; and violation of N.Y. Lab. Law §198 and related provisions. The causes of action relate to Claimants' terminations of employment with Respondent and Respondent's alleged failure to pay compensation allegedly owed to Claimants.

Unless specifically admitted in the Statement of Answer and Counterclaim, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses. In its Counterclaim, Respondent asserted the following causes of action: breach of contract; breach of fiduciary duty; unfair competition; misappropriation of trade secrets; unjust enrichment; and declaratory relief against Claimants (unvested deferred contingent Awards).

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested: deferred compensation in the amount of approximately $1,100,000.00 for Claimant Firstman; $590,000.00 for Claimant Horncastle; $35,000.00 for Claimant Cram; earned but unpaid bonuses in an amount to be determined at trial; unpaid revenue trailers of at least $840,000.00; compensation for Respondent's unlawful, fraudulent misrepresentations, in an amount to be determined by the Panel; compensation for Respondent's violation of various industry rules, state labor laws relating to accrued but unused vacation time, earned commissions and fees on assets; compensatory damages; punitive damages; interest at the legal rate; attorneys' fees and costs pursuant to applicable statutes; costs, expert and witness fees and administrative expenses; and any other and further relief the Panel found just and equitable.

In the Statement of Answer and Counterclaim, Respondent requested: damages in an amount to be ascertained at the Arbitration hearing; full repayment of compensation that was advanced to Firstman in the amount of $1,945.00, plus applicable interest; full repayment of the overpayment of compensation that was advanced to Horncastle in the amount of $9,831.00, plus applicable interest; full repayment of the overpayment of compensation that was advanced to Cram in the amount of $2,437.00, plus applicable interest; a declaration that Claimants are not entitled to vesting or delivery of their unvested deferred contingent awards under the Share Plan and related documentation, whether under a legal theory of constructive termination or otherwise; and such other and further relief as the Panel deemed just and proper.

In its Answer to the Counterclaim, Claimants requested the denial and dismissal of the counterclaim.

During the evidentiary hearing, Claimants requested compensatory damages in the amount of $3,689,122.00, inclusive of interest; attorneys' fees in the amount of $1,209,707.00; and costs in the amount of $97,595.00.

During the evidentiary hearing, Respondent requested $14,213.00 in overpayments and $100,011.58 in compensatory damages.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On December 21, 2018, following Claimants' case-in-chief, Respondent moved to dismiss Claimants' claims pursuant FINRA Rule 13504(b), stating that Claimants failed to meet their burden of proof on deferred compensation and trailer claims. Claimants argued that the Motion should be denied because Claimants presented credible evidence to support their request for relief. Thereafter, the Panel denied Respondent's Motion.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant Firstman the sum of $1,010,000.00 in compensatory damages.

2. Respondent is liable for and shall pay to Claimant Horncastle the sum of $660,000.00 in compensatory damages.

3. Respondent is liable for and shall pay to Claimant Cram the sum of $85,000.00 in compensatory damages.

4. Respondent is liable for and shall pay to Claimants interest at the rate of 7% on the above stated amounts, pursuant to Ga. Code Ann. §§ 7-4-2 and 13-6-13 law starting on October 20, 2015, until the date of this Award.

5. Respondent is liable for and shall pay to Claimants costs in the amount of $97,596.47.

6. Respondent is liable for and shall pay to Claimants attorneys' fees in the amount of $719,000.00 pursuant to Ga. Code Ann. § 13-6-11.

7. Respondent is liable for and shall pay to Claimants the sum of $375.00 representing reimbursement of the non-refundable portion of the claim filing fee previously paid by Claimants to FINRA Dispute Resolution.

8. Respondent's Counterclaim is denied.

9. Any and all claims for relief not specifically addressed herein, including Claimants' request for punitive damages, are denied.

FINRA Office of Dispute Resolution
Arbitration No.  17-01632
<u>Award Page 4 of 6</u>

## **FEES**

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

### **Filing Fees**
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,575.00 |
| Counterclaim Filing Fee | =$ 1,050.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### **Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 1,900.00 |
| Member Process Fee | =$ 3,750.00 |

### **Postponement Fees**
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| May 28-31, 2019, Joint postponement | WAIVED |
| Total Postponement Fees | WAIVED |

The Panel has waived the postponement fees.

### **Discovery-Related Motion Fee**
Fees apply for each decision rendered on a discovery-related motion.

| | |
|---|---|
| Six (6) decisions on discovery-related motions on the papers with one (1) arbitrator @ $200.00/decision | =$ 1,200.00 |

Claimants submitted two (2) discovery-related motions
Respondent submitted four (4) discovery-related motions

| | |
|---|---|
| Total Discovery-Related Motion Fees | =$ 1,200.00 |

The Panel has assessed the total discovery-related motion fees of $1,200.00 to Respondent.

### **Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing

conference with the arbitrator(s) that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) pre-hearing session with a single arbitrator @ $450.00/session     =$    450.00
Pre-hearing conference:     October 4, 2018              1 session

Two (2) pre-hearing sessions with the Panel @ $1,125.00 /session     =$ 2,250.00
Pre-hearing conferences:   October 16, 2017            1 session
                           May 29, 2019                1 session

Thirty-one (31) hearing sessions @ $1,125.00/session                =$34,875.00
Hearing Dates:             October 29, 2018      2 sessions
                           October 30, 2018      2 sessions
                           October 31, 2018      2 sessions
                           November 1, 2018      2 sessions
                           November 2, 2018      2 sessions
                           November 13, 2018     2 sessions
                           November 14, 2018     2 sessions
                           November 15, 2018     2 sessions
                           November 16, 2018     2 sessions
                           December 18, 2018     2 sessions
                           December 19, 2018     1 session
                           March 12, 2019        2 sessions
                           March 13, 2019        2 sessions
                           July 17, 2019         2 sessions
                           July 18, 2019         2 sessions
                           July 19, 2019         2 sessions

---

Total Hearing Session Fees                                          =$37,575.00

The Panel has assessed the total hearing session fees of $37,575.00 to Respondent.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Barbara Black | - | Public Arbitrator, Presiding Chairperson |
| Birdel Franklin Jackson, III | - | Public Arbitrator |
| Karen M. Kassouf | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

*Barbara Black*

Barbara Black
Public Arbitrator, Presiding Chairperson

09/05/2019

Signature Date

*Birdel Franklin Jackson, III*

Birdel Franklin Jackson, III
Public Arbitrator

Signature Date

*Karen M Kassouf*

Karen M. Kassouf
Non-Public Arbitrator

09/05/2019

Signature Date

September 06, 2019

Date of Service (For FINRA Office of Dispute Resolution office use only)

# EXHIBIT B

**FINRA ARBITRATION Submission Agreement**

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Christian N. Cram
Andrew E. Firstman
Mark G. Horncastle

17-01632

Name(s) of Respondent(s)

Credit Suisse Securities (USA) LLC

1.  The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.  The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3.  The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of FINRA Office of Dispute Resolution or the arbitrator(s).  The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

_A. DOMNIAK   DIRECTOR & COUNSEL_                                    8/31/17

Credit Suisse Securities (USA) LLC                                              Date
State Capacity if other than individual (e.g., executor, trustee, corporate officer)


LC43A: SUBMISSION AGREEMENT
idr: 06/13/2016

RECIPIENTS:
Sean Driscoll, Mgr., Credit Suisse Securities (USA) LLC
Credit Suisse Securities (USA) LLC, Compliance Registration, 11 Madison Avenue, 24Th Floor,
     New York, NY 10010

**FINRA ARBITRATION** Submission Agreement

### Claimant(s)

CHRISTIAN CRAM

**In the Matter of the Arbitration Between**

Name(s) of Claimant(s)
ANDREW FIRSTMAN, MARK HORNCASTLE & CHRISTIAN CRAM

**and**

Name(s) of Respondent(s)
CREDIT SUISSE SECURITIES (USA), LLC

1.  The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.  The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3.  The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5.  The parties hereto have signed and acknowledged the foregoing Submission Agreement.

CHRISTIAN CRAM
Claimant Name (please print)

_____                               6. / 15 / 2017
Claimant's Signature                                                 Date
State capacity if other than individual (*e.g.*, executor, trustee or corporate officer)

_____
Claimant Name (please print)

_____
Claimant's Signature                                                 Date
State capacity if other than individual (*e.g.*, executor, trustee or corporate officer)

**If needed, copy this page.**

FINRA ARBITRATION **Submission Agreement**

**Claimant(s)**
ANDREW FIRSTMAN

**In the Matter of the Arbitration Between**

Name(s) of Claimant(s)
ANDREW FIRSTMAN, MARK HORNCASTLE & CHRISTIAN CRAM

**and**

Name(s) of Respondent(s)
CREDIT SUISSE SECURITIES (USA), LLC

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and **Code of Arbitration Procedure**.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA **Code of Arbitration Procedure**.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

ANDREW FIRSTMAN
Claimant Name (please print)

Claimant's Signature                                          6-15-17
State capacity if other than individual (*e.g.*, executor, trustee or corporate officer)          Date

Claimant Name (please print)

Claimant's Signature                                          Date
State capacity if other than individual (*e.g.*, executor, trustee or corporate officer)

**If needed, copy this page.**

# FINRA ARBITRATION Submission Agreement

## Claimant(s)

MARK HORNCASTLE

### In the Matter of the Arbitration Between

Name(s) of Claimant(s)
ANDREW FIRSTMAN, MARK HORNCASTLE & CHRISTIAN CRAM

**and**

Name(s) of Respondent(s)
CREDIT SUISSE SECURITIES (USA), LLC

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

MARK HORNCASTLE
Claimant Name (please print)

6/18/17
Claimant's Signature                                    Date
State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

Claimant Name (please print)

Claimant's Signature                                    Date
State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

**If needed, copy this page.**

22